FILED

SEP - 5 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MARCO AGUILERA**<br>1460 Euclid St. NW<br>Apt. 7<br>Washington, D.C. 20009<br><br>**JUAN JOSE ABREGO**<br>c/o Marco Aguilera<br>1460 Euclid St. NW<br>Apt. 7<br>Washington, D.C. 20009<br><br>    Plaintiffs,<br><br>v.<br><br>**YOSHIAKI ITOH**<br>4822 MacArthur Blvd. NW<br>Washington, D.C. 20007<br><br>**MAKOTO RESTAURANT**<br>4822 MacArthur Blvd. NW<br>Washington, D.C. 20007<br><br>    Defendants. | )<br>)<br>)<br>)<br>)  Case No.<br>)<br>)<br>)<br>)<br>)<br>)<br>)  JURY TRIAL DEMANDED<br>)<br>)<br>)<br>)<br>)<br>)  Case: 1:07-cv-01575<br>)  Assigned To : Kollar-Kotelly, Colleen<br>)  Assign. Date : 9/5/2007<br>)  Description: Labor-ERISA<br>)<br>)<br>)<br>)<br>) |

*JURY ACTION*

**COMPLAINT**

1.   Plaintiffs, Marco Aguilera and Juan Jose Abrego, by and through their undersigned counsel, bring this civil action against defendants, Yoshiaki Itoh and Makoto Restaurant, (together "Defendants"), seeking damages and other relief because the Defendants failed to pay Plaintiffs proper wages under the Fair Labor Standards Act, 29 U.S.C. §§201-218; and the District of Columbia Minimum Wage Revision Act, D.C. Code §32-1001 *et seq.* Specifically, the Defendants failed to pay the Plaintiffs minimum wage pay and overtime pay.

1

## JURISDICTION AND VENUE

2. Plaintiffs' claims arise under the District of Columbia Minimum Wage Revision Act, D.C. Code §32-1001 *et seq.* and the Fair Labor Standards Act, 29 U.S.C. §§201-218.

3. Jurisdiction of this Court is invoked under 28 U.S.C. §1331. The Court has jurisdiction over Plaintiffs' D.C. wage claims pursuant to 28 U.S.C. §1367.

4. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b)(2), as Defendants employed Plaintiffs to work in the District of Columbia and the events complained of herein took place in the District of Columbia.

## PARTIES

5. Mr. Aguilera is an adult resident of the District of Columbia.

6. Mr. Abrego is an adult resident of the District of Columbia.

7. Upon information and belief, Makoto Restaurant is an entity that conducts business in the District of Columbia. Its headquarters are located at 4822 MacArthur Blvd. NW, Washington, D.C. 20007.

8. Upon information and belief, Yoshiaki Itoh is the owner, manager, and head chef of Makoto Restaurant.

9. Mr. Aguilera is an "employee" within the meaning of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-218.

10. Mr. Abrego is an "employee" within the meaning of the FLSA.

11. Mr. Aguilera is a non-exempt employee within the meaning of the FLSA.

12. Mr. Abrego is a non-exempt employee within the meaning of the FLSA.

13. Makoto Restaurant is an "employer" within the meaning of the FLSA.

14. Yoshiaki Itoh is an "employer" within the meaning of the FLSA.

15. Mr. Aguilera is an "employee" within the meaning of the D.C. Minimum Wage Revision Act ("DCMWRA"), D.C. Code §32-1001 *et seq.*

16. Mr. Abrego is an "employee" within the meaning of the DCMWRA.

17. Mr. Aguilera is a non-exempt employee within the meaning of DCMWRA.

18. Mr. Abrego is a non-exempt employee within the meaning of the DCMWRA.

19. Makoto Restaurant is an "employer" within the meaning of the DCMWRA.

20. Yoshiaki Itoh is an "employer" within the meaning of the DCMWRA.

## FACTS GIVING RISE TO RELIEF

21. Mr. Aguilera began working at Makoto Restaurant (hereafter "Makoto") on February 27, 2001.

22. Mr. Abrego began working at Makoto in December 2004.

23. Makoto is a restaurant that conducts business in Washington D.C.

24. During the period of Mr. Aguilera's employment, the terms and conditions of his employment were controlled by Mr. Itoh. Mr. Itoh's authority included the authority to control the payment of Mr. Aguilera's wages and to terminate his employment.

25. During the period of Mr. Abrego's employment, the terms and conditions of his employment were controlled by Mr. Itoh. Mr. Itoh's authority included the authority to control the payment of Mr. Abrego's wages and to terminate his employment.

26. From February 27, 2001 until January 5, 2007, Mr. Aguilera performed various kitchen and cleaning jobs at Makoto under the direction of Mr. Itoh, including dishwasher and food preparer.

27. From December 29, 2004 through December 2005, Mr. Abrego performed various jobs in the kitchen at Makoto under the direction of Mr. Itoh, including dishwasher and food preparer.

28. Throughout his employment at Makoto, Mr. Aguilera worked approximately 66 hours per week.

29. Throughout his employment at Makoto, Mr. Abrego worked approximately 66 hours per week.

30. Throughout his employment at Makoto, Mr. Aguilera worked in the kitchen or cleaning inside and outside the restaurant. Mr. Aguilera never had any contact with Makoto's customers. Mr. Aguilera was not an employee who customarily received tips from customers of Makoto.

31. Throughout his employment at Makoto, Mr. Abrego worked in the kitchen. Mr. Abrego never had any contact with Makoto's customers. Mr. Abrego was not an employee who customarily received tips from customers of Makoto.

32. Throughout 2004, the minimum wage in the District of Columbia was $6.15 an hour.

33. Effective January 1, 2005, the minimum wage in the District of Columbia was raised to $6.60 an hour.

34. Effective January 1, 2006, the minimum wage in the District of Columbia was raised to $7.00 an hour.

35. Mr. Aguilera was paid $6.59 an hour for all of the hours he worked from January 2005 through January 2007.

36. Mr. Itoh paid Mr. Aguilera various amounts of gratuities from a tipping pool that included all employees at Makoto, employees who did and did not customarily receive tips from customers.

37. Mr. Itoh never informed Mr. Aguilera that he intended to credit gratuity payments toward his wages in order to satisfy the District of Columbia minimum wage.

38. Mr. Aguilera was paid below the District of Columbia minimum wage from January 1, 2005 through January 5, 2007.

39. Mr. Abrego was paid $6.06 an hour for all of the hours he worked from December 2004 through December 2005.

40. Mr. Itoh paid Mr. Abrego various amounts of gratuities from a tipping pool that included all employees at Makoto, employees who did and did not customarily receive tips from customers.

41. Mr. Itoh never informed Mr. Abrego that he intended to credit gratuity payments toward his wages in order to satisfy the District of Columbia minimum wage.

42. Mr. Abrego was paid below the District of Columbia minimum wage from December 2004 through December 2005.

43. Mr. Aguilera was never paid time and a half his regular rate for each hour he worked over forty in a week.

44. Mr. Aguilera was never paid time and a half his regular rate for each hour he worked over forty in a week.

**COUNT 1**
**FAILURE TO PAY OVERTIME WAGES**
**UNDER THE FAIR LABOR STANDARDS ACT**

45. Plaintiffs hereby incorporate paragraphs 1-44 as if fully stated herein.

46. The Fair Labor Standards Act ("FLSA") 29 U.S.C. §§ 201-218 requires that employers pay non-exempt employees overtime wages equal to one and a half times the regular hourly rate for work performed by employees in excess of forty hours per week.

47. Because the Defendants failed to pay Mr. Aguilera overtime wages, the Defendants violated FLSA.

48. Because the Defendants failed to pay Mr. Abrego overtime wages, the Defendants violated FLSA.

49. As a result of the Defendants' violation of FLSA, Mr. Aguilera has suffered pecuniary losses and is entitled to recover unpaid overtime, interest, statutory liquidated damages and attorneys' fees and costs.

50. As a result of the Defendants' violation of FLSA, Mr. Abrego has suffered pecuniary losses and is entitled to recover unpaid overtime, interest, statutory liquidated damages and attorneys' fees and costs.

### COUNT 2
### FAILURE TO PAY OVERTIME WAGES
### UNDER THE DISTRICT OF COLUMBIA MINIMUM WAGE REVISION ACT

51. Plaintiffs hereby incorporate paragraphs 1-44 as if fully stated herein.

52. The D.C. Minimum Wage Revision Act ("DCMWRA"), D.C. Code §32-1001 *et seq.* requires that employers pay non-exempt employees overtime wages equal to one and a half times the regular hourly rate for work performed by employees in excess of forty hours per week.

53. Because Defendants failed to pay Mr. Aguilera overtime wages, the Defendants violated the DCMWRA.

54. Because Defendants failed to pay Mr. Abrego overtime wages, the Defendants violated the DCMWRA.

55. As a result of the Defendants' violation of DCMWRA, Mr. Aguilera has suffered pecuniary losses and is entitled to recover unpaid overtime, interest, statutory liquidated damages, and attorneys' fees and costs.

56. As a result of the Defendants' violation of DCMWRA, Mr. Abrego has suffered pecuniary losses and is entitled to recover unpaid overtime, interest, statutory liquidated damages, and attorneys' fees and costs.

## COUNT 3
## FAILURE TO PAY MINIMUM WAGE
## UNDER THE DISTRICT OF COLUMBIA
## MINIMUM WAGE REVISION ACT

57. Plaintiffs hereby incorporate paragraphs 1-44 as if fully stated herein.

58. Defendants breached the obligations imposed by DCMWRA by failing to pay Mr. Aguilera the District of Columbia minimum wage from January 2005 through January 2007.

59. Defendants breached the obligations imposed by DCMWRA by failing to pay Mr. Abrego the District of Columbia minimum wage from December 2004 through December 2005.

60. As a result of the Defendants' violation of DCMWRA, Mr. Aguilera has suffered pecuniary losses and is entitled to recover unpaid wages, interest, statutory liquidated damages, attorneys' fees and costs.

61. As a result of the Defendants' violation of DCMWRA, Mr. Abrego has suffered pecuniary losses and is entitled to recover unpaid wages, interest, statutory liquidated damages, attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray that this Court render judgment in their favor on all counts and grant the following relief:

a. Award compensatory damages in an amount to be determined;

b. Award statutory liquidated damages in an amount to be determined;

c. Award pre-judgment and post-judgment interest on all monetary awards;

d. Award reasonable attorneys' fees and the costs of this action; and

e. Grant such other relief as justice may require.

## JURY TRIAL DEMAND

The Plaintiffs hereby demand a trial by jury with respect to each claim in this Complaint.

Dated: September 5, 2007

Respectfully Submitted,

WEBSTER, FREDRICKSON, HENRICHSEN, CORREIA & PUTH, PLLC

Linda M. Correia, D.C. Bar No. 435027
1775 K Street, NW, Suite 600
Washington, DC 20006
(202) 659-8510 (telephone)
(202) 659-4082 (facsimile)
lcorreia@wfhcplaw.com

**COUNSEL FOR PLAINTIFFS**

07-1575
CKK

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

## I (a) PLAINTIFFS

MARCO AGUILERA
&
JUAN JOSE ABREGO

1100/

## DEFENDANTS

YOSHIAKI ITOH
&
MAKOTO RESTAURANT

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Linda M. Correia
Webster, Fredrickson, Henrichsen,
Correia & Puth, P.L.L.C.
1775 K Street, NW
Suite 600
Washington, DC 20006
(202) 659-8510

Case: 1:07-cv-01575
Assigned To : Kollar-Kotelly, Colleen
Assign. Date : 9/5/2007
Description: Labor-ERISA

JURY ACTION

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
● 3 Federal Question (U.S. Government Not a Party)
○ 2 U.S. Government Defendant
○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

### ○ A. Antitrust

☐ 410 Antitrust

### ○ B. Personal Injury/Malpractice

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ○ C. Administrative Agency Review

☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ○ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ○ E. General Civil (Other)      OR      ○ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br><br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ⊙ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☒ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
- ⊙ 1 Original Proceeding
- ○ 2 Removed from State Court
- ○ 3 Remanded from Appellate Court
- ○ 4 Reinstated or Reopened
- ○ 5 Transferred from another district (specify)
- ○ 6 Multi district Litigation
- ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
29 U.S.C. §§201-218

**VII. REQUESTED IN COMPLAINT**   CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐   DEMAND $ _____   Check YES only if demanded in complaint
JURY DEMAND:   YES ☒   NO ☐

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☐   NO ☒   If yes, please complete related case form.

DATE 9/5/07   SIGNATURE OF ATTORNEY OF RECORD _[signature]_

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The **JS-44** civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.  CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.  CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.  CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.