**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **MARCO AGUILERA, et al..**,          ) <br>                                  ) <br>     Plaintiffs,                ) <br>                                  ) <br>     v.                           ) <br>                                  ) <br>**YOSHIAKI ITOH, et al.,**        ) <br>                                  ) <br>     Defendants.             ) <br>_____) | Case No. 1:07-cv-01575 (CKK) |

**PLAINTIFFS' STATUS REPORT REGARDING SERVICE**

Plaintiffs Marco Aguilera, Juan Jose Abrego, and Cesar Monge respectfully submit this Status Report in response to the Court's Order, entered on January 4, 2008, regarding the status of service upon the defendants in this case [Docket Entry #4].

On or about September 6, 2007, Plaintiffs served the Complaint upon Defendants, along with a waiver of service form for Defendants' then counsel, Mr. Philip Hagan's execution. (Exhibit 1, Letter from C. Johnson to P. Hagan). Mr. Hagan had agreed to waive service pursuant to Fed.R.Civ.P. 4(d), prior to the time that Plaintiffs forwarded the Complaint and waiver form to him. He did not at any time dispute service, however, he did not execute the waiver form or return it to Plaintiffs' counsel. Plaintiffs expected that Defendants' responsive pleading would be due in November. Settlement discussions were ongoing at that time. Defendants also received the Amended Complaint without dispute, on or about September 17, 2007.

On or about November 21, 2007, Plaintiffs' counsel was informed that Mr. Hagan would not continue with the representation. Plaintiffs' counsel agreed to extend the time for filing Defendants' responsive pleading pending further settlement discussions. Counsel have now

agreed that Defendants' responsive pleading will be due on January 24, 2008. Aaron Book of Webster Book, LLP has undertaken the representation of Defendants.

Accordingly, Plaintiffs respectfully submit that service has been completed in accordance with Rule 4, and this matter should not be dismissed.

>Respectfully Submitted,
>
>WEBSTER, FREDRICKSON, HENRICHSEN
>CORREIA & PUTH, PLLC.
>
>
>_____/s/ Linda M. Correia_____
>Linda M. Correia, D.C. Bar No. 435027
>1775 K Street, NW
>Suite 600
>Washington, DC 20006
>(202) 659-8510 (telephone)
>(202) 659-4082 (facsimile)
>lcorreia@wfhcplaw.com
>
>COUNSEL FOR PLAINTIFFS

**CERTIFICATE OF SERVICE**

I hereby certify that on the 14th day of January, 2008, a true and correct copy of the foregoing Plaintiffs' Status Report Regarding Service was mailed, first class postage pre-paid, to:

Aaron S. Book
Webster Book LLP
1 North King Street
Leesburg, VA 20176

   /s/  *Linda M. Correia*
Linda M. Correia,  D.C. Bar No. 435027
WEBSTER, FREDRICKSON, HENRICHSEN
CORREIA & PUTH, PLLC.
1775 K Street, NW
Suite 600
Washington, DC 20006
(202) 659-8510 (telephone)
(202) 659-4082 (facsimile)
lcorreia@wfhcplaw.com

COUNSEL FOR PLAINTIFFS

# WEBSTER, FREDRICKSON, HENRICHSEN, CORREIA & PUTH, P.L.L.C.

1775 K STREET, N.W., SUITE 600, WASHINGTON, D.C. 20006
(202) 659-8510   FAX: (202) 659-4082

September 6, 2007

*via U.S. Mail*

Phil Hagan, Esquire
Marcari, Hagan & Shah, PLC
501 Baylor Court
Suite 200
Chesapeake, VA 23320

Re:   *Marco Aguilera & Juan Jose Abrego v. Yoshiaki Itoh & Makoto Restaurant*

Dear Mr. Hagan:

Enclosed please find the following documents for each of the above-named Defendants:

1) Two (2) copies of the Waiver of Service;

2) Summons addressed to Yoshiaki Itoh and Makoto Restaurant;

3) Notice of Right to Consent to Trial Before United States Magistrate Judge;

4) Complaint;

5) Initial Electronic Case File Order; and

6) Electronic Case Files Attorney/Participant Registration Form

Please endorse the Waiver of Service forms for each Defendant and return to our office in the enclosed postage prepaid envelope.

If you have any questions regarding this matter, please do not hesitate to contact me. Otherwise, thank you for your assistance.

Hagan
09/06/07
Page 2

Sincerely,

Cheree Johnson
Legal Assistant to Linda M. Correia

Enclosures

AO 399  (Rev. 10/95)

# WAIVER OF SERVICE OF SUMMONS

TO: __Phil Hagen, Esquire__
(NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)

I, __Yosiaki Itoh & Makoto Restaurant__, acknowledge receipt of your request
(DEFENDANT NAME)

that I waive service of summons in the action of __Aguilera v. Itoh__,
(CAPTION OF ACTION)

which is case number __1:07-cv-01575__ in the United States District Court
(DOCKET NUMBER)

for the __United States District Court__ District of __Columbia__.

I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after __9/6/07__,
(DATE REQUEST WAS SENT)

or within 90 days after that date if the request was sent outside the United States.

_____    _____
(DATE)                      (SIGNATURE)

Printed/Typed Name: _____

As _____ of _____
      (TITLE)                    (CORPORATE DEFENDANT)

### Duty to Avoid Unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.