**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **MARCO AGUILERA, et al..**    ) | |
|         ) | |
|     Plaintiffs,    ) | |
|         ) | Case No. 1:07-cv-01575 (CKK) |
| v.    ) | |
|         ) | |
| **YOSHIAKI ITOH, et al.,**    ) | |
|         ) | |
|     Defendants.    ) | |
| _____) | |

**CONSENT MOTION FOR LEAVE**
**TO FILE SECOND AMENDED COMPLAINT**

      COME NOW Plaintiffs Marco Aguilera, Juan Jose Abrego, and Cesar Monge, by and through counsel, and respectfully request that the Court grant Plaintiffs leave to file the Second Amended Complaint under Federal Rule of Civil Procedure 15(a). Plaintiffs seek to file a Second Amended Complaint in order to correct the name of the Defendant entity to Silver Rooster Corporation d/b/a Makoto Restaurant, and to correct typographical errors. A true and correct copy of the Second Amended Complaint is attached hereto as Attachment A. A Proposed Order providing that Defendants' responsive pleading is due on January 24, 2008, by agreement of the parties, is submitted herewith.

      Defendants consent to this motion.

For these reasons, and any other reasons the Court may find, the parties respectfully request that this Consent Motion be granted.

Dated: January 14, 2008

Respectfully Submitted,

　　/s/ Linda M. Correia
Linda M. Correia, D.C. Bar No. 435027
Webster, Fredrickson, Henrichsen Correia & Puth, PLLC.
1775 K Street, NW
Suite 600
Washington, DC 20006
(202) 659-8510 (telephone)
(202) 659-4082 (facsimile)
lcorreia@wfhcplaw.com

**COUNSEL FOR PLAINTIFFS**

AND:

Dated: January 14, 2008

　　/s/ Aaron S. Book
Aaron S. Book, D.C. Bar No. 490815
Webster Book LLP
1 North King Street
Leesburg, VA 20176
(703) 779-8767 (telephone)
(703) 991-9178 (fascimile)
abook@websterbook.com

**COUNSEL FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of January, 2008, I mailed a true and correct copy of the foregoing Consent Motion for Leave to File Second Amended Complaint and Second Amended Complaint, by first class mail, postage pre-paid, to:

Aaron S. Book
Webster Book LLP
1 North King Street
Leesburg, VA 20176

        */s/ Linda M. Correia*
Linda M. Correia, D.C. Bar No. 435027
Webster, Fredrickson, Henrichsen Correia & Puth, PLLC.
1775 K Street, NW
Suite 600
Washington, DC 20006
(202) 659-8510 (telephone)
(202) 659-4082 (facsimile)
lcorreia@wfhcplaw.com

**COUNSEL FOR PLAINTIFFS**

**ATTACHMENT A**

**SECOND AMENDED COMPLAINT**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **MARCO AGUILERA** ) <br> 1460 Euclid St. NW ) <br> Apt. 7 ) <br> Washington, D.C. 20009 ) <br> ) <br> **JUAN JOSE ABREGO** ) <br> c/o Marco Aguilera ) <br> 1460 Euclid St. NW ) <br> Apt. 7 ) <br> Washington, D.C. 20009 ) <br> ) <br> **CESAR MONGE** ) <br> 3147 Mt. Pleasant St. NW ) <br> Washington, D.C. 20010 ) <br> ) <br>     Plaintiffs, ) <br> ) <br>     v. ) <br> ) <br> **YOSHIAKI ITOH** ) <br> 4822 MacArthur Blvd. NW ) <br> Washington, D.C. 20007 ) <br> ) <br> **SILVER ROOSTER CORPORATION** ) <br> **d/b/a MAKOTO RESTAURANT** ) <br> 1215 Fern St. NW ) <br> Washington, D.C. 20012 ) <br> ) <br>     Defendants. ) <br> _____) | Case No. 1:07-cv-01575 (CKK) <br> Judge Colleen Kollar-Kotelly <br><br><br> **JURY TRIAL DEMANDED** |

## SECOND AMENDED COMPLAINT

1. Plaintiffs, Marco Aguilera, Juan Jose Abrego, and Cesar Monge by and through their undersigned counsel, bring this civil action against defendants, Yoshiaki Itoh and the Silver Rooster Corporation d/b/a Makoto Restaurant, (together "Defendants"), seeking damages and other relief because the Defendants failed to pay Plaintiffs proper wages under the Fair Labor Standards Act, 29 U.S.C. §§201-218; and

the District of Columbia Minimum Wage Revision Act, D.C. Code §32-1001 *et seq*. Specifically, the Defendants failed to pay the Plaintiffs minimum wage pay and overtime pay.

## JURISDICTION AND VENUE

2. Plaintiffs' claims arise under the District of Columbia Minimum Wage Revision Act, D.C. Code §32-1001 *et seq*. and the Fair Labor Standards Act, 29 U.S.C. §§201-218.

3. Jurisdiction of this Court is invoked under 28 U.S.C. §1331. The Court has jurisdiction over Plaintiffs' D.C. wage claims pursuant to 28 U.S.C. §1367.

4. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b)(2), as Defendants employed Plaintiffs to work in the District of Columbia and the events complained of herein took place in the District of Columbia.

## PARTIES

5. Plaintiff Marco Aguilera is an adult resident of the District of Columbia.

6. Plaintiff Aguilera is an "employee" within the meaning of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-218.

7. Plaintiff Aguilera is a non-exempt employee within the meaning of the FLSA.

8. Plaintiff Aguilera is an "employee" within the meaning of the D.C. Minimum Wage Revision Act ("DCMWRA"), D.C. Code §32-1001 *et seq*.

9. Plaintiff Aguilera is a non-exempt employee within the meaning of DCMWRA.

10. Plaintiff Juan Jose Abrego is an adult resident of the District of Columbia.

11. Plaintiff Abrego is an "employee" within the meaning of the FLSA.

12. Plaintiff Abrego is a non-exempt employee within the meaning of the FLSA.

13. Plaintiff Abrego is an "employee" within the meaning of the DCMWRA.

14. Plaintiff Abrego is a non-exempt employee within the meaning of the DCMWRA.

15. Plaintiff Cesar Monge is an adult resident of the District of Columbia.

16. Plaintiff Monge is an "employee" within the meaning of the FLSA.

17. Plaintiff Monge is a non-exempt employee within the meaning of the FLSA.

18. Plaintiff Monge is an "employee" within the meaning of the DCMWRA.

19. Plaintiff Monge is a non-exempt employee within the meaning of the DCMWRA

20. Upon information and belief, Defendant Silver Rooster Corporation is a domestic business corporation incorporated in the District of Columbia. Silver Rooster Corporation conducts business under the trade name "Makoto Restaurant." Makoto Restaurant conducts business in the District of Columbia. Makoto Restaurant's headquarters are located at 4822 MacArthur Boulevard, NW, Washington, D.C. 20007.

21. Upon information and belief, Defendant Yoshiaki Itoh is the owner, manager, and head chef of Makoto Restaurant.

22. Defendant Silver Rooster Corporation d/b/a Makoto Restaurant is an "employer" within the meaning of the FLSA.

23. Defendant Yoshiaki Itoh is an "employer" within the meaning of the FLSA.

24. Defendant Silver Rooster Corporation d/b/a Makoto Restaurant is an "employer" within the meaning of the DCMWRA.

25. Defendant Yoshiaki Itoh is an "employer" within the meaning of the DCMWRA.

## FACTS GIVING RISE TO RELIEF

26. Throughout 2004, the minimum wage in the District of Columbia was $6.15 an hour.

27. Effective January 1, 2005, the minimum wage in the District of Columbia was raised to $6.60 an hour.

28. Effective January 1, 2006, the minimum wage in the District of Columbia was raised to $7.00 an hour.

### Plaintiff Marco Aguilera

29. Plaintiff Aguilera began working at Silver Rooster Corporation d/b/a Makoto Restaurant (hereafter "Makoto") on or about February 27, 2001.

30. During the period of Plaintiff Aguilera's employment, the terms and conditions of his employment were controlled by Defendant Itoh. Defendant Itoh's authority included the authority to control the payment of Plaintiff Aguilera's wages and to terminate his employment.

31. From February 27, 2001 until January 5, 2007, Plaintiff Aguilera performed various kitchen and cleaning jobs at Defendant Makoto under the direction of Defendant Itoh, including dishwasher and food preparer.

4

32. Throughout his employment at Defendant Makoto, Plaintiff Aguilera worked approximately 66 hours per week.

33. Throughout his employment at Defendant Makoto, Plaintiff Aguilera worked in the kitchen or cleaning inside and outside the restaurant. Plaintiff Aguilera never had any contact with Defendant Makoto's customers. Plaintiff Aguilera was not an employee who customarily received tips from customers of Defendant Makoto.

34. Plaintiff Aguilera was paid $6.59 an hour for all of the hours he worked from January 2005 through January 2007.

35. Defendant Itoh paid Plaintiff Aguilera various amounts of gratuities from a tipping pool that included all employees at Defendant Makoto, employees who did and did not customarily receive tips from customers.

36. Defendant Itoh never informed Plaintiff Aguilera that he intended to credit gratuity payments toward his wages in order to satisfy the District of Columbia minimum wage.

37. Plaintiff Aguilera was paid below the District of Columbia minimum wage from January 1, 2005 through January 5, 2007.

38. Plaintiff Aguilera was never paid time and a half his regular rate for each hour he worked over forty in a week.

### Plaintiff Juan Jose Abrego

39. Plaintiff Abrego began working at Makoto in December 2004.

40. During the period of Plaintiff Abrego's employment, the terms and conditions of his employment were controlled by Defendant Itoh. Defendant Itoh's

5

authority included the authority to control the payment of Plaintiff Abrego's wages and to terminate his employment.

41.  From December 29, 2004 through December 2005, Plaintiff Abrego performed various jobs in the kitchen at Defendant Makoto under the direction of Defendant Itoh, including dishwasher and food preparer.

42.  Throughout his employment at Defendant Makoto, Plaintiff Abrego worked approximately 66 hours per week.

43.  Throughout his employment at Defendant Makoto, Plaintiff Abrego worked in the kitchen. Plaintiff Abrego never had any contact with Defendant Makoto's customers. Plaintiff Abrego was not an employee who customarily received tips from customers of Defendant Makoto.

44.  Plaintiff Abrego was paid $6.06 an hour for all of the hours he worked from December 2004 through December 2005.

45.  Defendant Itoh paid Plaintiff Abrego various amounts of gratuities from a tipping pool that included all employees at Defendant Makoto, employees who did and did not customarily receive tips from customers.

46.  Defendant Itoh never informed Plaintiff Abrego that he intended to credit gratuity payments toward his wages in order to satisfy the District of Columbia minimum wage.

47.  Plaintiff Abrego was paid below the District of Columbia minimum wage from December 2004 through December 2005.

48.  Plaintiff Abrego was never paid time and a half his regular rate for each hour he worked over forty in a week.

6

**Plaintiff Cesar Monge**

49. Plaintiff Monge began working at Makoto on or about December 5, 2005.

50. Defendant Makoto is a restaurant that conducts business in Washington D.C.

51. During the period of Plaintiff Monge's employment, the terms and conditions of his employment were controlled by Defendant Itoh. Defendant Itoh's authority included the authority to control the payment of Plaintiff Monge's wages and to terminate his employment.

52. From December 2005 through April 2007, Plaintiff Monge performed various jobs in the kitchen at Defendant Makoto under the direction of Defendant Itoh, including dishwasher, dish dryer, and drink preparer.

53. Throughout his employment at Defendant Makoto, Plaintiff Monge worked approximately 65 hours per week.

54. Throughout his employment at Defendant Makoto, Plaintiff Monge worked in the kitchen. Plaintiff Monge never had any contact with Defendant Makoto's customers. Plaintiff Monge was not an employee who customarily received tips from customers of Defendant Makoto.

55. Plaintiff Monge was paid $6.15 an hour for all of the hours he worked from approximately December 5, 2005 through April 30, 2007.

56. Defendant Itoh paid Plaintiff Monge various amounts of gratuities from a tipping pool that included all employees at Defendant Makoto, employees who did and did not customarily receive tips from customers.

57. Defendant Itoh never informed Plaintiff Monge that he intended to credit gratuity payments toward his wages in order to satisfy the District of Columbia minimum wage.

58. Plaintiff Monge was paid below the District of Columbia minimum wage from approximately December 5, 2005 through April 30, 2007.

59. Plaintiff Monge was never paid time and a half his regular rate for each hour he worked over forty in a week.

## COUNT 1
## FAILURE TO PAY OVERTIME WAGES
## UNDER THE FAIR LABOR STANDARDS ACT

60. Plaintiffs hereby incorporate paragraphs 1-59 as if fully stated herein.

61. The Fair Labor Standards Act ("FLSA") 29 U.S.C. §§ 201-218 requires that employers pay non-exempt employees overtime wages equal to one and a half times the regular hourly rate for work performed by employees in excess of forty hours per week.

62. Because the Defendants failed to pay Plaintiff Aguilera overtime wages, the Defendants violated FLSA.

63. Because the Defendants failed to pay Plaintiff Abrego overtime wages, the Defendants violated FLSA.

64. Because the Defendants failed to pay Plaintiff Monge overtime wages, the Defendants violated FLSA.

65. As a result of the Defendants' violation of FLSA, Plaintiff Aguilera has suffered pecuniary losses and is entitled to recover unpaid overtime, interest, statutory liquidated damages and attorneys' fees and costs.

66. As a result of the Defendants' violation of FLSA, Plaintiff Abrego has suffered pecuniary losses and is entitled to recover unpaid overtime, interest, statutory liquidated damages and attorneys' fees and costs.

67. As a result of the Defendants' violation of FLSA, Plaintiff Monge has suffered pecuniary losses and is entitled to recover unpaid overtime, interest, statutory liquidated damages and attorneys' fees and costs.

**COUNT 2**
**FAILURE TO PAY OVERTIME WAGES**
**UNDER THE DISTRICT OF COLUMBIA MINIMUM WAGE REVISION ACT**

68. Plaintiffs hereby incorporate paragraphs 1-59 as if fully stated herein.

69. The D.C. Minimum Wage Revision Act ("DCMWRA"), D.C. Code §32-1001 *et seq.* requires that employers pay non-exempt employees overtime wages equal to one and a half times the regular hourly rate for work performed by employees in excess of forty hours per week.

70. Because Defendants failed to pay Plaintiff Aguilera overtime wages, the Defendants violated the DCMWRA.

71. Because Defendants failed to pay Plaintiff Abrego overtime wages, the Defendants violated the DCMWRA.

72. Because Defendants failed to pay Plaintiff Monge overtime wages, the Defendants violated the DCMWRA.

73. As a result of the Defendants' violation of DCMWRA, Plaintiff Aguilera has suffered pecuniary losses and is entitled to recover unpaid overtime, interest, statutory liquidated damages, and attorneys' fees and costs.

74. As a result of the Defendants' violation of DCMWRA, Plaintiff Abrego has suffered pecuniary losses and is entitled to recover unpaid overtime, interest, statutory liquidated damages, and attorneys' fees and costs.

75. As a result of the Defendants' violation of DCMWRA, Plaintiff Monge has suffered pecuniary losses and is entitled to recover unpaid overtime, interest, statutory liquidated damages, and attorneys' fees and costs.

## COUNT 3
## FAILURE TO PAY MINIMUM WAGE
## UNDER THE DISTRICT OF COLUMBIA
## MINIMUM WAGE REVISION ACT

76. Plaintiffs hereby incorporate paragraphs 1-59 as if fully stated herein.

77. Defendants breached the obligations imposed by DCMWRA by failing to pay Plaintiff Aguilera the District of Columbia minimum wage from January 2005 through January 2007.

78. Defendants breached the obligations imposed by DCMWRA by failing to pay Plaintiff Abrego the District of Columbia minimum wage from December 2004 through December 2005.

79. Defendants breached the obligations imposed by DCMWRA by failing to pay Plaintiff Monge the District of Columbia minimum wage from December 2005 through April 2007.

80. As a result of the Defendants' violation of DCMWRA, Plaintiff Aguilera has suffered pecuniary losses and is entitled to recover unpaid wages, interest, statutory liquidated damages, attorneys' fees and costs.

81. As a result of the Defendants' violation of DCMWRA, Plaintiff Abrego has suffered pecuniary losses and is entitled to recover unpaid wages, interest, statutory liquidated damages, attorneys' fees and costs.

82. As a result of the Defendants' violation of DCMWRA, Plaintiff Monge has suffered pecuniary losses and is entitled to recover unpaid wages, interest, statutory liquidated damages, attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray that this Court render judgment in their favor on all counts and grant the following relief:

a. Enter judgment on behalf of each Plaintiff against all Defendants, jointly and severally;

b. Award Plaintiffs compensatory damages in an amount to be determined;

c. Award Plaintiffs statutory liquidated damages in an amount to be determined;

d. Award Plaintiffs pre-judgment and post-judgment interest on all monetary awards;

e. Award Plaintiffs their reasonable attorneys' fees and the costs of this action; and

f. Grant such other relief as this Court deems just and proper.

## JURY TRIAL DEMAND

The Plaintiffs hereby demand a trial by jury with respect to each claim in this Complaint.

Dated: January 14, 2008

                                          Respectfully Submitted,

                                          WEBSTER, FREDRICKSON,
                                          HENRICHSEN, CORREIA & PUTH,
                                          P.L.L.C.

                                          */s/ Linda M. Correia*
                                          Linda M. Correia, D.C. Bar No. 435027
                                          1775 K Street, NW, Suite 600
                                          Washington, DC 20006
                                          (202) 659-8510 (telephone)
                                          (202) 659-4082 (facsimile)
                                          lcorreia@wfhcplaw.com

                                          **COUNSEL FOR PLAINTIFFS**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MARCO AGUILERA, et al..** ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| ) | Case No. 1:07-cv-01575 (CKK) |
| v. ) | |
| ) | |
| ) | |
| **YOSHIAKI ITOH, et al.,** ) | |
| ) | |
| Defendants. ) | |
| ) | |

**ORDER**

This matter comes before the Court pursuant to the Consent Motion for Leave to File Second Amended Complaint, requesting that the Court grant Plaintiffs leave to file a Second Amended Complaint. Upon review of the Motion, and the entire record herein, the Motion is hereby granted.

The clerk shall accept for filing Plaintiffs' Second Amended Complaint.

By agreement of the parties, Defendants shall file their responsive pleading on or before January 24, 2008.

IT IS SO ORDERED.

Dated: _____        _____
                                    The Honorable Colleen Kollar-Kotelly
                                    UNITED STATES DISTRICT JUDGE