UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARCO AGUILERA, *et al.*, | ) |
| Plaintiffs, | ) |
| v. | ) Case No. 1:07-cv-1575-CKK |
| YOSHIAKI ITOH, *et al.*, | ) |
| Defendants. | ) |

**ANSWER TO SECOND AMENDED COMPLAINT**

Defendants Yoshiaki Itoh and Silver Rooster Corporation, by counsel, state as follows for their Answer to Plaintiffs' Second Amended Complaint:

1. Denied.

2. Paragraph 2 is a legal conclusion to which no response is required.

3. Defendants admit that this Court has jurisdiction over Plaintiffs' claims.

4. Defendants admit that venue is proper in this Court.

5. Defendants are without information sufficient to admit or deny the allegations of paragraph 5.

6. Paragraph 6 is a legal conclusion to which no response is necessary.

7. Paragraph 7 is a legal conclusion to which no response is necessary.

8. Paragraph 8 is a legal conclusion to which no response is necessary.

9. Paragraph 9 is a legal conclusion to which no response is necessary.

10. Defendants are without information sufficient to admit or deny the allegations of paragraph 10.

11. Paragraph 11 is a legal conclusion to which no response is necessary.

12. Paragraph 12 is a legal conclusion to which no response is necessary.

13. Paragraph 13 is a legal conclusion to which no response is necessary.

14. Paragraph 14 is a legal conclusion to which no response is necessary.

15. Defendants are without information sufficient to admit or deny the allegations of paragraph 15.

16. Paragraph 16 is a legal conclusion to which no response is necessary.

17. Paragraph 17 is a legal conclusion to which no response is necessary.

18. Paragraph 18 is a legal conclusion to which no response is necessary.

19. Paragraph 19 is a legal conclusion to which no response is necessary.

20. Admitted.

21. Admitted.

22. Paragraph 22 is a legal conclusion to which no response is necessary.

23. Paragraph 23 is a legal conclusion to which no response is necessary.

24. Paragraph 24 is a legal conclusion to which no response is necessary.

25. Paragraph 25 is a legal conclusion to which no response is necessary.

26. Admitted.

27. Admitted.

28. Admitted.

29. Defendants admit that Aguilera began working at Silver Rooster Corporation on or about February 2001.

30. Defendants admit that Itoh had the authority to control the payment of Aguilera's wages and to terminate Aguilera's employment. Defendants deny the remaining allegations of paragraph 30.

31. Defendants admit that Aguilera performed various services for Silver Rooster Corporation relating to its operation as a restaurant under the direction of Itoh.

Defendant denies that Aguilera performed these services continuously from February 27, 2001 until January 5, 2007.

32. Denied.

33. Defendants admit that Aguilera performed various services for Silver Rooster Corporation relating to its operation as a restaurant. Defendants deny the remaining allegations of paragraph 33.

34. Denied.

35. Defendants admit that Aguilera received tips from a tip pool and that he was informed that such tips would be included as part of his salary in satisfaction of the minimum wage requirements. Defendants aver that Aguilera received such tips with the understanding that such tips would be included as part of his salary in satisfaction of the minimum wage requirements. Defendants deny the remaining allegations of paragraph 35.

36. Denied.

37. Denied.

38. Denied.

39. Defendants admit that Abrego began working for Silver Rooster Corporation in or about December 2004.

40. Defendants admit that Itoh had the authority to control the payment of Abrego's wages and to terminate Abrego's employment. Defendants deny the remaining allegations of paragraph 40.

41. Defendants admit that Abrego performed various services for Silver Rooster Corporation relating to its operation as a restaurant under the direction of Itoh.

3

Defendant denies that Abrego performed these services continuously from December 29, 2004 through December 2005.

42. Denied.

43. Defendants admit that Abrego performed various services for Silver Rooster Corporation relating to its operation as a restaurant. Defendants deny the remaining allegations of paragraph 43.

44. Denied.

45. Defendants admit that Abrego received tips from a tip pool and that he was informed that such tips would be included as part of his salary in satisfaction of the minimum wage requirements. Defendants aver that Abrego received such tips with the understanding that such tips would be included as part of his salary in satisfaction of the minimum wage requirements. Defendants deny the remaining allegations of paragraph 45.

46. Denied.

47. Denied.

48. Denied.

49. Defendants admit that Monge began working for Silver Rooster Corporation in or about December 2005.

50. Paragraph 50 alleges that Makoto is a defendant. To the extent plaintiffs are referring to Silver Rooster Corporation, Defendants admit that Silver Rooster Corporation conducts business in Washington, D.C. under the trade name of Makoto.

4

51. Defendants admit that Itoh had the authority to control the payment of Monge's wages and to terminate Monge's employment. Defendants deny the remaining allegations of paragraph 30

52. Defendants admit that Monge performed various services for Silver Rooster Corporation relating to its operation as a restaurant under the direction of Itoh. Defendant denies that Monge performed these services continuously from December 2005 through April 2007.

53. Denied.

54. Defendants admit that Monge performed various services for Silver Rooster Corporation relating to its operation as a restaurant. Defendants deny the remaining allegations of paragraph 54.

55. Denied.

56. Defendants admit that Monge received tips from a tip pool and that he was informed that such tips would be included as part of his salary in satisfaction of the minimum wage requirements. Defendants aver that Monge received such tips with the understanding that such tips would be included as part of his salary in satisfaction of the minimum wage requirements. Defendants deny the remaining allegations of paragraph 56.

57. Denied.

58. Denied.

59. Denied.

60. Defendants incorporate their responses to paragraphs 1 through 59.

61. Paragraph 61 is a conclusion of law to which no response is required. Further, it attempts to condense the Fair Labor Standards Act into a single sentence, which can neither be admitted nor denied.

62. Paragraph 62 is a conclusion of law to which no response is required. To the extent a response is required, the allegations are denied.

63. Paragraph 63 is a conclusion of law to which no response is required. To the extent a response is required, the allegations are denied.

64. Paragraph 63 is a conclusion of law to which no response is required. To the extent a response is required, the allegations are denied.

65. Denied.

66. Denied.

67. Denied.

68. Defendants incorporate their responses to paragraphs 1 through 59.

69. Paragraph 69 is a conclusion of law to which no response is required. Further, it attempts to condense the DCMWRA into a single sentence, which can neither be admitted nor denied.

70. Paragraph 70 is a conclusion of law to which no response is required. To the extent a response is required, the allegations are denied.

71. Paragraph 71 is a conclusion of law to which no response is required. To the extent a response is required, the allegations are denied.

72. Paragraph 72 is a conclusion of law to which no response is required. To the extent a response is required, the allegations are denied.

73. Denied.

74. Denied.

75. Denied.

76. Defendants incorporate their responses to paragraphs 1 through 59.

77. Paragraph 77 is a conclusion of law to which no response is required. To the extent a response is required, the allegations are denied.

78. Paragraph 78 is a conclusion of law to which no response is required. To the extent a response is required, the allegations are denied.

79. Paragraph 79 is a conclusion of law to which no response is required. To the extent a response is required, the allegations are denied.

80. Denied.

81. Denied.

82. Denied.

83. All allegations not specifically and expressly admitted are denied.

<u>Defenses</u>

1. Payment.

2. Statute of limitations.

3. To the extent Defendants are found liable, Defendants' actions or failure to act were in good faith and with reasonable grounds for believing they were not in violation of law and thus Plaintiffs are not entitled to liquidated damages.

4. Defendants reserve the right to assert additional defenses.

YOSHIAKI ITOH
SILVER ROOSTER CORPORATION
By Counsel


_____/S/ Aaron S. Book_____
Aaron S. Book (DC Bar # 490815)
Webster Book LLP
1 North King Street
Leesburg, Virginia 20176
703-779-8229 (tel.)
703-991-9178 (fax)
abook@websterbook.com
*Counsel for Defendants*


CERTIFICATE OF SERVICE

I hereby certify that on January 24, 2008, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Linda M. Correia, Esq. (D.C. Bar No.435027)
Webster, Fredrickson, Henrichsen
Correia & Puth, PLLC
1775 K Street, NW, Suite 600
Washington, DC 20006
(202) 659-8510 (tel.)
(202) 659-4082 (fax)
lcorreia@wfhcplaw.com
*Counsel for Plaintiffs*


_____/S/ Aaron S. Book_____
Aaron S. Book